IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S&P INVESTMENT PROPERTIES, Ltd., and
FLORENCE ROSENBURG, M.D.,

               Plaintiffs,

v.

MORRIS D. FAIMAN; IOWA STREET
ASSOCIATES, LP; KENNARD FRIEDMAN;
ADENA FREIDMAN; SHAENA FREIDMAN;
ZACHARY FRIEDMAN; MILDRED L.
WEISBERG LIVING REVOCABLE TRUST'
DOUGLAD LUBIC; and LYNE S. FAIMAN,

               Defendants.

Case No. 24-CV-2093-JWB-TJJ

## ORDER EXTENDING ANSWER DEADLINE

On April 19, 2024, James Weisberg, who identifies himself as a Trustee of the Mildred L. Weisberg Living Revocable Trust (the "MLW Trust"), sent a letter to the Clerk's Office requesting an unspecified extension of time for the MLW Trust to answer or otherwise respond to the summons and complaint. This letter was filed on the docket as the MLW Trust's motion for an extension of time to answer (ECF No. 16). Mr. Weisberg states in his letter that an extension is needed for the MLW Trust to find appropriate counsel. A review of the applicable Affidavit of Service (ECF No. 12) shows Plaintiff served the MLW Trust on April 4, 2024, making its answer due 21 days later, on April 25, 2024. The Court will grant the MLW Trust a 30-day extension of time, up to and including **May 28, 2024**, to file its answer or otherwise respond to Plaintiff's Complaint (ECF No. 1) so that it can find and retain counsel to represent it in this case.

The Court notes Mr. Weisberg is not a party to this action, nor does it appear that he is an attorney licensed to appear before this Court. Under federal law, a non-attorney trustee may be

prohibited from representing a trust in federal court.[1]  Based upon the limited information before the Court, it is unclear whether some exception may exist for Mr. Weisberg to represent the MLW Trust. Absent a showing that Mr. Weisberg has lawful authority to represent the MLW Trust in this case, any subsequent filings on behalf of the MLW Trust must be made by an attorney licensed to appear before this Court.

**IT IS THEREFORE ORDERED** that Defendant Mildred L. Weisberg Living Revocable Trust is hereby granted a 30-day extension of time, up to and including **May 28, 2024**, to file its answer or otherwise respond to Plaintiff's Complaint (ECF No. 1).

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Defendant Mildred L. Weisberg Living Revocable Trust by regular mail and electronic mail at the addresses listed on Mr. Weisberg's letter and attached summons.

Dated April 26, 2024 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[1]  *See In re Wilson*, 860 F. App'x 147, 150 (10th Cir. 2021) (non-attorney trustee could not represent the interests of the separate entity trust); *Hartnett v. Farm Serv. Agency, United States Dep't of Agric.*, No. 18-CV-01045-EFM-GEB, 2018 WL 2971692, at *3 (D. Kan. June 12, 2018) (non-attorney fiduciary trustee who was not a beneficiary lacked standing to bring a pro se action on behalf of the trust); *United States v. Lain*, No. 17-CV-113-J, 2018 WL 8244912, at *3 (D. Wyo. Dec. 28, 2018) ("When a trustee is not a beneficiary of the trust and the trustee is solely acting in his capacity as a fiduciary, the trustee is not personally conducting his own case within the meaning of [28 U.S.C. §] 1654.").