IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| S&P INVESTMENT PROPERTIES, Ltd., and FLORENCE ROSENBURG, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS D. FAIMAN; IOWA STREET ASSOCIATES, LP; KENNARD FRIEDMAN; ADENA FREIDMAN; SHAENA FRIEDMAN; ZACHARY FRIEDMAN; MILDRED L. WEISBERG LIVING REVOCABLE TRUST' DOUGLAS LUBIC; and LYNE S. FAIMAN,<br><br>Defendants. | Case No. 24-CV-2093-JWB-TJJ |

## NOTICE AND ORDER TO SHOW CAUSE

**To the Plaintiffs:**

On March 13, 2024, Plaintiffs S&P Investment Properties, Ltd. ("S&P") and Florence Rosenberg, M.D. filed a Complaint (ECF No. 1) asserting this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. A review of the Complaint reveals Plaintiff S&P is both a general partner and a limited partner of Defendant Iowa Street Associates, LP ("Iowa Street"), and Plaintiff Florence Rosenberg is the other general partner of Iowa Street. As explained in further detail below, this raises the question whether complete diversity of citizenship exists between all plaintiffs and all defendants.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1] A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[2] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[3] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[4] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[5] For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time the action is brought.[6]

In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations.[7] If the business is a corporation, under 28 U.S.C. § 1332(c)(1), it is deemed a citizen of the state where it is incorporated and the state where its

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[2] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[6] *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 570–71 (2004).

[7] *Grynberg*, 805 F.3d at 905.

principal place of business is located.[8]  In contrast, unincorporated business organizations are deemed to be citizens of all states in which all of their members and/or partners are citizens, and not simply the states in which they were formed or have their principal places of business.[9] A limited partnership is considered an unincorporated business organization and therefore takes the citizenship of all its general and limited partners at the time the action is filed.[10]

According to the Complaint, Plaintiff S&P is a California limited partnership with two general partners, Shawn Rosenberg and Florence Rosenberg, who are both citizens of the state of California. Plaintiff S&P is both a general partner and a limited partner of one of the Defendants, Iowa Street, which is also a limited partnership. Plaintiff Florence Rosenberg is the other general partner of Iowa Street. Defendants Morris D. Faiman, Kennard Friedman, Adena Friedman, Shaena Friedman, Zachary Freidman, the Mildred L. Weisberg Living Revocable Trust, Douglas Lubic, and Lyne S. Faiman are alleged to also be limited partners of Iowa Street. Plaintiffs allege the citizenship of these Defendants in the Complaint and none are alleged to be citizens of the state of California.

Because Defendant Iowa Street is a limited partnership, it is therefore deemed to be a citizen of the states of all its general and limited partners. Defendant Iowa Street's general partners are Plaintiffs S&P and Florence Rosenberg with Plaintiff S&P also being one of its limited

---

[8] *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[9] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (adhering to the oft-repeated rule that diversity jurisdiction in a suit by or against an artificial business entity depends on the citizenship of each of its members); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238–39 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

[10] *Carden*, 494 U.S. at 189; *Grynberg*, 805 F.3d at 906.

partners. Defendant Iowa Street therefore cannot be diverse from Plaintiffs. The Court therefore lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a) as there is a lack of complete diversity of citizenship between Plaintiffs S&P and Florence Rosenberg and Defendant Iowa Street.

**IT IS THEREFORE ORDERED** that **on or before June 14, 2024,** Plaintiffs shall show good cause in writing to the Honorable John W. Broomes, U.S. District Judge, why this action should not be dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated May 23, 2024, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge